IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edgar Gonzalez-Gutierrez, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____) | Cr. No. 5:10-670<br><br><br>**ORDER AND OPINION** |

Movant Edgar Gonzalez-Gutierrez is an inmate in custody of the Federal Bureau of Prisons who currently is housed at Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania. On July 1, 2016, Movant, proceeding pro se, filed a motion to vacate pursuant to 28 U.S.C. § 2255, asserting that his sentence is unlawful.

## FACTS AND PROCEDURAL HISTORY

Movant pleaded guilty on January 26, 2011, to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (Count 1); and knowingly using and carrying a firearm during and in relation to, and possession of the firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2). On June 17, 2011, Movant was sentenced to incarceration for a period of 130 months, consisting of 70 months as to Count 1 and 60 months as to Count 2, to be served consecutively. On June 3, 2015, Movant's sentence was reduced pursuant to Amendment 782 to the United States Sentencing Guidelines to 120 months, consisting of 60 months as to Count 1 and 60 months as to Count 2, to be served consecutively.

Movant filed the within § 2255 motion on July 1, 2016. Respondent United States of America filed a motion for summary judgment on August 29, 2016. Also on August 29, 2016, the

court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed no response to Respondent's motion.

## DISCUSSION

Movant contends that he is entitled to the benefit of the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court interpreted a portion of the Armed Career Criminal Act (ACCA) that mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm, if the offender has three or more convictions for a serious drug offense or violent felony. See 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 924(e)(1), "a person who has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, . . . shall be . . . imprisoned not less than fifteen years[.]" Under § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

In this case, Movant pleaded guilty to using and carrying a firearm in furtherance of a serious drug offense, and not a crime of violence. Under 18 U.S.C. § 924(e)(2)(A),

(A) the term "serious drug offense" means–

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

Unlike § 924(e)(2)(B), the section defining a "serious drug offense" contains no unconstitutionally vague residual clause. Johnson has no application to Movant's sentence. See, e.g., United States v. Dunmore, Cr. No. 3:06-672-CMC, 2016 WL 6601015 (D.S.C. Nov. 8, 2016 (holding that enhanced sentence for serious drug offense unaffected by Johnson).

## CONCLUSION

For the reasons stated, Movant's § 2255 motion is denied. Respondent's motion for summary judgment (ECF No. 167) is **granted**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons

set forth hereinabove.  Accordingly, the court **denies** a certificate of appealability

    **IT IS SO ORDERED**.

    /s/ Margaret B. Seymour
    Senior United States District Judge

Columbia, South Carolina

April 12, 2017